```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  LUIS ALCALA,

                    Plaintiff,                    MEMORANDUM & ORDER
                                                  24-CV-7331(EK)(LB)
            -against-

  MTA METROPOLITAN STATE AUTHORITY,

                    Defendant.¹

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

      Luis Alcala brings this damages action against the Metropolitan Transit Authority ("MTA"). Proceeding *pro se*, he alleges public accommodation discrimination under both Title II of the Civil Rights Act of 1964 and the New York State Human Rights Law. Alcala's request to proceed *in forma pauperis* is granted. But for the reasons stated below, the action must be dismissed for failure to state a claim.

### I. Background

      The following allegations are drawn from Alcala's complaint and are assumed to be true for purposes of this order. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).²

---

[1] The caption of Alcala's complaint refers to the MTA as the "Metropolitan State Authority." Compl. 1, ECF No. 1. But the balance of his submission makes clear that he is suing the Metropolitan *Transit* Authority. *Id.* at 2, 7. The Clerk is respectfully requested to modify the case caption to reflect the MTA's proper name.

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Alcala's allegations fall into three buckets.

First, Alcala alleges that ticketing machines in MTA train stations "confiscated [his] money" when he attempted to buy MetroCards (i.e., fare cards for the MTA system). *See* Compl. 7-8, ECF No. 1. For example, he alleges that in June 2020, he deposited money into an MTA machine only for the machine to freeze and return to its home screen. He also alleges that in July 2020, he was attempting to combine $40 worth of expired MetroCards into a single card when a ticketing machine took his old cards without providing him a new one. *Id.* at 8. Alcala complained to MTA employees both times. *Id.* at 7-8.

Second, Alcala alleges that MTA employees wrongly accused him of attempting to defraud the MTA. In April 2021, an MTA employee sent him a letter threatening an investigation into reimbursement claims he had submitted to the MTA. *Id.* at 8-9. And in November 2021, the MTA "refused to combine 16 MetroCards [he] had sent them" and "stated that [it] would report [him] to the police for suspicious activity." *Id.* at 8.

Third, Alcala alleges that he entered into a settlement agreement with the MTA, under which he would release any claims against the agency in exchange for $275. *Id.* at 9. During settlement negotiations, MTA attorneys and employees

"subjected [him] to verbal abuse based on [his] nationality and age and ridiculed [his] attempts at justice." *Id.*

## II. Legal Standard

A district court may dismiss a *pro se* complaint at any time if the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To state a viable claim, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quotations omitted). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal* 556 U.S. at 678.

However, p*ro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the court will read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of

procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

### III. Discussion

Alcala does not state a plausible claim under Title II of the Civil Rights Act of 1964 ("Title II").[3] And because Alcala's federal claim must be dismissed, the Court declines supplemental jurisdiction over his state law claim under the New York State Human Rights Law ("NYSHRL").

**A.   The Title II Claim**

Title II prohibits "discrimination or segregation on the ground of race, color, religion, or national origin" in any "place of public accommodation." 42 U.S.C. § 2000a(a). To bring a Title II claim, a plaintiff must plead "(1) that he was deprived of equal use and enjoyment of a place of public accommodation and (2) facts which demonstrate discriminatory intent." *Akyar v. TD Bank US Holding Co.*, Case No. 18-cv-379, 2018 WL 4356734, at *5 (S.D.N.Y. Sept. 12, 2018). Title II expressly lists the qualifying places of public accommodation:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which

---

[3] The Second Circuit has expressed doubt that the Metropolitan Transportation Authority is entitled to Eleventh Amendment sovereign immunity. *See Mancuso v. New York State Thruway Auth.*, 86 F.3d 289, 294 (2d Cir. 1996). District courts have uniformly held that the Authority is amenable to suit. *E.g., A. Esteban & Co. v. Metro. Transp. Auth.*, No. 02 CIV. 3615 (NRB), 2004 WL 439505, at *4 (S.D.N.Y. Mar. 9, 2004), *Yourman v. Metro Transp. Auth.*, No. 20-cv-0779, at 6 (S.D.N.Y. Mar. 9, 2020); *Batista v. Metro. Transportation Auth.*, No. 20-CV-1254 (LJL), 2021 WL 2894351 (S.D.N.Y. July 9, 2021), *aff'd*, No. 21-1934-CV, 2022 WL 2442312 (2d Cir. July 5, 2022).

>contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
>
>(2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
>
>(3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
>
>(4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a(b).

Alcala does not plausibly allege that the MTA's alleged discrimination deprived him of the use or enjoyment of a place of public accommodation. Train stations are conspicuously absent from the list of public accommodations covered by Title II. *See* 42 U.S.C. § 2000a(b). And that list is "exhaustive, not illustrative." *Alexander v. JP Morgan Chase Bank, N.A.*, No. 19-cv-10811, 2021 WL 1061833, at *3 (S.D.N.Y. Mar. 18, 2021). "Because Congress specified the establishments which constitute places of public accommodation under § 2000a, courts in this circuit apply the statute to only those covered establishments." *Renxiong Huang v. Minghui.org*, No. 17-cv-5582, 2018 WL 3579103

5

at *3 (S.D.N.Y. July 25, 2018); see also id. (collecting cases). So, Alcala's Title II claim stumbles at the first hurdle.

Even if train stations were covered by Title II, the Court would still be obligated to dismiss Alcala's claim. A plaintiff may not seek monetary damages under Title II. See Alexander, 2021 WL 1061833, at *3. Here, Alcala seeks $80,000 in damages, and does not seek injunctive relief. Compl. 6. Thus, Alcala seeks relief that is not available under Title II.

**B.  The NYSHRL Claim**

Given the dismissal of Alcala's federal claim, the Court declines to exercise supplemental jurisdiction over his state NYSHRL claim. See 28 U.S.C. § 1367(c)(3). Indeed, the Supreme Court has instructed that "when the federal-law claims have dropped out of [a] lawsuit in its early stages and only state-law claims remain, [a] federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Accordingly, the NYSHRL claim is dismissed without prejudice.

### IV.  Conclusion

For the foregoing reasons, Alcala's complaint is dismissed for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii). "[A] pro se litigant should be granted leave to amend at least once when a liberal reading of the

6

complaint gives any indication that a valid claim might be stated." *Curry-Malcolm v. Rochester City Sch. Dist.*, 835 F. App'x 623 (2d Cir. 2020).  But here, Alcala's complaint "fail[s] as a matter of law" because train stations are not covered by Title II and Title II does not permit financial damages.  His complaint is therefore dismissed with prejudice.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Alcala, and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore denies *in forma pauperis* status for purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    January 7, 2025
          Brooklyn, New York

7